## WEIANT v. ROCKLAND LAKE TRAP ROCK CO. et al.

(Supreme Court, Appellate Division, Second Department.  June 6, 1902.)

**1. CHANGE OF VENUE—IMPARTIAL TRIAL.**

Code Civ. Proc. § 987, subd. 2, authorizing a change of venue where there is "reason to believe that an impartial trial cannot be had in the proper county," does not authorize a change of venue merely because plaintiff's son had been elected sheriff of the county where the action was originally brought.

**2. SAME.**

Mere affidavits that plaintiff's son, during his candidacy for sheriff in the county where the suit was brought, traveled in every part thereof, and made statements prejudicial to defendants, etc., were insufficient to show that an impartial trial could not be had, especially where everything asserted was specifically denied, except possibly that the sheriff naturally was prejudiced in plaintiff's favor.

**3. ACTION—STAY OF PROCEEDINGS—GROUNDS.**

An order staying proceedings in an action for trespass until the final determination of an appeal to the court of appeals in another action was not justified, though in the other action plaintiff had recovered a judgment establishing a division line on the location of which the claim to damages was dependent, where the appellate division had unanimously affirmed the judgment and an order denying a new trial, its order of affirmation reciting that the court "unanimously decided that the findings of fact are supported by the evidence," and where a motion for reargument and for leave to appeal to the court of appeals had been denied by the appellate division, etc.

Goodrich, P. J., dissenting.

Appeal from special term, Rockland county.

Action by Laura A. Weiant against the Rockland Lake Trap Rock Company and others.  From an order changing the place of trial and staying proceedings until the full determination of an appeal

to the court of appeals in another action, plaintiff appeals. Reversed..

Argued before GOODRICH, P. J., and BARTLETT, JENKS,. WOODWARD, and HIRSCHBERG, JJ.

William McCauley, for appellant.

Wilson Brown, Jr., for respondents.

HIRSCHBERG, J. This action was commenced in January, 1900,. in the county of Rockland, to recover damages for trespass on real. estate situated in that county. In a prior action between the same parties, brought to procure an injunction and for other equitable re-lief, a judgment was recovered by the plaintiff in July, 1899, estab-lishing a division line upon the location of which the claim for dam-ages is dependent, and in that action a motion made by the defend-ants for a new trial upon newly discovered evidence was denied at the special term in November, 1900. On appeal to this court the judgment and the order denying such motion for a new trial were duly affirmed. See Weiant v. Rock Co., 61 App. Div. 383, 70 N. Y. Supp. 713. The defendants have appealed to the court of appeals from the judgments of affirmance, and the order now appealed from has been granted in the second action, and changes the place of trial from the county of Rockland to the county of Westchester,. besides enjoining the trial until the final determination of the appeal to the court of appeals. The change of place of trial was made under the provisions of subdivision 2 of section 987 of the Code of. Civil Procedure, upon the ground that there was "reason to believe that an impartial trial cannot be had in the proper county." The sole basis for this belief appears to be the fact that since the com-mencement of the action the plaintiff's son has been elected sheriff of Rockland county. This in itself is not enough. The sheriff, if sued for an official act performed in the county, would be suable there under the provisions of the Code, and it is impossible to see how his relationship to a litigant could alone justify a change of venue on the ground assigned. Such relationship furnishes no rea-son to justify a belief that an impartial trial cannot be had in Rock-land county, and what was said on that subject in deciding the case of Lent v. Ryder, 47 App. Div. 415, 62 N. Y. Supp. 400, is equally. pertinent and applicable here. It is true, however, that two of the defendants make affidavit to the effect that the plaintiff's son and his friends, during his candidacy for the office of sheriff, traveled in every part of the county, and made statements prejudicial to the defendants and their interests in this litigation, and in general terms made or sought to make political capital out of the litigation. No one makes affidavit of the language used, nor does any one swear at first hand to anything actually heard by him. It is manifest. that such an affidavit is mere hearsay; but everything asserted,. even as hearsay, was specifically denied, excepting possibly the fact that the sheriff individually is prejudiced in favor of his mother, which fact may well be assumed to be true. But the case is barren. of any facts which tend in any degree to establish the conclusion that a fair and impartial trial of the case cannot be had in Rockland.

·county. It follows that so much of the order as changed the place ·of trial was without foundation.

The stay of proceedings is equally unjustified. The affirmation of the judgment and order in this court in the suit first instituted was unanimous, and the order of affirmance recites that the court "unanimously decided that the findings of fact are supported by the evidence." Applications for reargument and for leave to appeal to the court of appeals were denied by this court. See Weiant v. Rock Co., 64 App. Div. 619, 72 N. Y. Supp. 1133, and Id., 64 App. Div. ·620, 72 N. Y. Supp. 1133. Subsequently an order denying at special term the defendants' motion for a bill of particulars of the damages ·claimed herein was affirmed on appeal. See Id., 64 App. Div. 621, 72 N. Y. Supp. 1133. No leave to appeal has been granted by the ·court of appeals or any judge of that court, and no question of law has been certified by this court. Assuming, but without deciding, that the defendants may appeal to the court of appeals as a matter of right, under the provisions of sections 190 and 191 of the Code of Civil Procedure, for the purpose of reviewing errors in ruling up-·on the trial, there was nothing before the special term to indicate ·that there were any such errors overlooked or unappreciated in this court which would render a reversal likely. The order appealed from was accordingly without legal justification, and should be reversed.

Order reversed, with $10 costs and disbursements, and motion denied, with costs to plaintiff to abide the event. All concur, except GOODRICH, P. J., who dissents from that portion of the order which reverses the order · changing the place of trial, on the ground that the sheriff's duties are so closely connected with the drawing of jurors that an impartial trial may be periled.